NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HUGO HERNANDEZ CEREN, AKA Hugo Ceren, | No.   20-72870 |
| Petitioner, | Agency No. A073-956-722 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
Seattle, Washington

Before:  BOGGS,[***] HAWKINS, and FORREST, Circuit Judges.

Hugo Hernandez Ceren petitions for review of a Board of Immigration

Appeals (BIA) decision denying his motion to reopen and reconsider based on a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

change in the law. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part.

The BIA reasonably denied Hernandez Ceren's motion to reopen or reconsider because he filed it well outside the statutory deadlines of ninety days for a motion to reopen and thirty days for a motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i); *Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020). A favorable change in the case law is not an exception to the filing deadlines for motions to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv), though it can be the basis for equitable tolling, *Goulart v. Garland*, 18 F.4th 653, 654 (9th Cir. 2021). However, Hernandez Ceren cannot establish that he is entitled to equitable tolling of the statutory deadlines, as he waited over two years after the relevant decision to file his motion, and there is no evidence he diligently pursued relief. *See id*. at 654-55; *see also Lona*, 958 F.3d at 1230–32.

Hernandez Ceren also argues the BIA erred by rejecting his request for sua sponte reopening based on the length of time that he waited to file his motion. Even were we to conclude that Hernandez Ceren did not waive this issue by failing to "specifically and distinctly" address it in his opening brief, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (internal quotation marks and citation omitted), we lack jurisdiction to review this discretionary decision by the BIA because it did not rest on a legal or constitutional error. *See Ekimian v. INS*, 303 F.3d

2

1153, 1159 (9th Cir. 2002); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**DENIED IN PART; DISMISSED IN PART.**[1]

---

[1]We deny Hernandez Ceren's motions to stay removal (Docket Nos. 2 and 7) as moot.